UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
N HANNAH LARYS-KENT,

                Plaintiff,

    -against-

ARS NATIONAL SERVICES, INC. d/b/a
ASSOCIATED RECOVERY SYSTEMS

                Defendant.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

'11 CIV 4117

JUDGE BRICCETTI

Plaintiff N HANNAH LARYS-KENT ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant ARS NATIONAL SERVICES, INC. d/b/a ASSOCIATED RECOVERY SYSTEMS ("Defendant" and/or "ARS") respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York State General Business Law § 349.

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 8 Jaracuso Dr., Spring Valley, NY 10977-2526.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant ARS is a national corporation engaged in business of collecting debts with its corporate headquarters located at 201 West Grand Avenue, Escondido, California, 92025.

5. ARS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant CHASE BANK U.S.A., N.A. either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ARS for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. In or about January 2011, Defendant continued their attempts at collecting the alleged debt from Plaintiff by placing a telephone call to Plaintiff's cellular telephone in connection with the collection of the alleged debt and left a voice mail message.

13. Defendant's message is the following: "Yes hi, this is Patrick Healy. I've contacted you numerous times. Every time we speak you say you that can't talk and you hang up in my face. At this point, we're not going to call you any further if we don't hear from you by January 31, 2011. We will mark this as a refusal to pay and we will offer a recommendation to our client to move forward to receive the balance from you. At this point, you can contact me directly at 866-888-9096 extension 3219. After the 31st of January of 2011, you can disregard this call because our recommendation will be entered and a decision will be rendered on your behalf. Once again my number is 866-888-9096 extension 3219. Best regards."

14. In or about March 2011, Plaintiff received a debt collection letter from Defendant dated March 31, 2011 ("letter").

15. Defendant's letter confirms that despite ARS' previous statements to the contrary, Defendant is still attempting to collect the alleged debt and will accept payment.

16. Defendant's letter, dated March 31, 2011, was sent and received by Plaintiff well beyond the January 31, 2011 deadline.

17. Defendant deceptively misleads Plaintiff as to the urgency of the actions Defendant claims will be taken against Plaintiff beyond the January 31, 2011 deadline.

18. Defendant's message failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

19. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

20. Defendant's message violated 15 U.S.C. §1692d-preface and (6); §1692e-preface, (10) and (11); and §1692f-preface and (5) by failing to provide meaningful disclosure of the caller's identity to Plaintiff when the Defendant communicated the message to Plaintiff without identifying the name of the caller, the name of the company calling, the purpose and nature of the call, and/or disclosing the Defendant's identity as a debt collector calling in reference to a debt collection.

21. Defendant failed to identify itself by name of the company or business.

22. Defendant's message failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector in violation of 15 U.S.C. §1692e-preface, (10) and (14).

23. Defendant causes charges to be made to Plaintiff's cellular telephone for communications by concealment of the true purpose of the communication in violation of 15 U.S.C. §1692d-preface and (6); §1692e-preface, (10), and (11); and §1692f-preface and (5).

24. Defendant violated 15 U.S.C. §1692e-preface and (10) and §1692f-preface prohibiting the use of any false, deceptive, or misleading representation or unconscionable means in connection with the collection of any debt by failing to state for whom the voice mail message was for.

25. Defendant's message directed at Plaintiff is abusive, harassing, oppressive, intimidating, belittling, and insulting.

26. Defendant's message directed at Plaintiff is accusatory and unfair as ARS unfairly and falsely states, "Every time we speak you say you that can't talk and you hang up in my face" which is untrue and serves to harass, abuse, and disgrace the reputation of Plaintiff.

27. Defendant's message directed at Plaintiff is conduct the natural consequence of

which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d-preface and § 1692f-preface.

28. Defendant implied that a lawsuit or other legal action will be filed and taken against Plaintiff beyond January 31, 2011 if the alleged debt remained unpaid.

29. To date, no such lawsuit or other legal action has been filed or taken against Plaintiff.

30. Defendant made false representations of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C §1692e-preface, (2) and (10); and §1692f-preface.

31. Defendants threatened to take action against Plaintiff that cannot legally be taken or that is not intended to be taken 15 U.S.C §1692e-preface, (5) and (10); and §1692f-preface.

32. Defendants falsely represented and implied that the Plaintiff committed a crime or other conduct to disgrace Plaintiff 15 U.S.C §1692e-preface (7) and (10); and §1692f-preface.

33. Plaintiff suffered and continues to suffer from great stress, personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendants actions.

34. Defendant violated the FDCPA.

35. Defendant violated New York General Business Law § 349.

36. Due to Defendants gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

      a.     15 U.S.C. §1692d-preface, (5), and (6).

      b.     15 U.S.C. §1692e-preface, (2), (5), (7), (10), (11) and (14).

      c.     15 U.S.C. §1692f-preface and (5).

39.    As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW § 349

40.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      a.     The Defendant violated NYS Gen. Bus. Law §349(a).

42.    As a result of Defendant's above violations of the New York General Business Law, Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff N HANNAH LARYS-KENT demands judgment from the Defendant ARS NATIONAL SERVICES, INC. d/b/a ASSOCIATED RECOVERY SYSTEMS as follows:

      A.     For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law;

      B.     For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(2)(A); and General Business Law;

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law;

E. A declaration that the Defendant's practices violated the FDCPA and General Business Law;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff N HANNAH LARYS-KENT hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which he is or may be entitled to a jury trial.

Dated: June 14, 2011

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff N HANNAH LARYS-KENT